# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| United States of America, | Case No.: 2:11-cr-0414-APG-CWH |
|---|---|
| Plaintiff, | **ORDER DENYING EMERGENCY MOTION TO REDUCE OR MODIFY SENTENCE** |
| v. | |
| Jose Cardenas, | [ECF No. 133] |
| Defendant. | |

Defendant Jose Cardenas pleaded guilty to Conspiracy to Possess a Controlled Substance (methamphetamine) with Intent to Deliver. On November 17, 2012, he was sentenced to 120 months in custody. He has served approximately 8.5 years of that sentence and has approximately 65 days remaining. He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A) because he suffers from asthma and could be especially harmed by the Covid-19 virus that apparently has infected some of the inmates at the federal facility where he is housed. The United States opposes the request.

The compassionate release statute authorizes courts to reduce a defendant's term of imprisonment, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Cardenas applied for compassionate release with the warden of FCI Yazoo City Low on April 16, 2020. ECF No. 133 at 6. He filed his motion with this court six days later, on April 22, 2020. Thus, he has not exhausted his administrative remedies as required by the statute. Cardenas contends that I can and should waive his failure to exhaust and grant his motion on the merits.

"Of 'paramount importance' to any exhaustion inquiry is congressional intent. . . . Where Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (citations omitted). The Supreme Court of the United States has emphasized the difference between "judge-made exhaustion doctrines, [which] remain amendable to judge-made exceptions," and Congressionally mandated exhaustion requirements, which are not. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). "[A] statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* (examining the language of the Prison Litigation Reform Act).[1]

"Section 3582(c)(1)(A) imposes a statutory exhaustion requirement that must be strictly enforced." *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *2–3 (S.D.N.Y. Apr. 1, 2020) (quotations and citations omitted).[2] While some courts have ignored the distinction between judge-made exhaustion and Congress-made exhaustion, I cannot overlook the explicit language of the compassionate release statute and the Supreme Court's directive in

---

[1] *See also Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("[I]f exhaustion 'is a statutorily specified prerequisite'—as opposed to a judicially created one—'[t]he requirement is . . . something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility[.]'" (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975))); *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."); *United States v. Meron*, No. 2:18-CR-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020) (holding exhaustion under 18 U.S.C. § 35829(c) is not judicially waivable).

[2] After stating this principle, the judge in *Perez* nevertheless turned to judge-made exceptions to exhaustion.

2

*Ross*.[3] While the exhaustion requirement may not be jurisdictional for compassionate release, and while some have called it simply a gate-keeping function for the Bureau of Prisons, there are good reasons to allow the warden 30 days to review an application. That remains true even in the rapidly-changing environment of this pandemic. The United States Attorney General has pressed the Bureau to use compassionate release and other tools to reduce the risk of infection. In this case, the warden is due the Congressionally mandated time to review Cardenas's application.

Because Cardenas has not exhausted his administrative remedy, I do not have authority to entertain his motion at this time. In his reply, Cardenas asks that if I require exhaustion, I should defer ruling on his motion until May 16, 2020 (30 days after he applied to his warden). I decline to do so. However, I am denying the motion without prejudice to his ability to refile it if he has not been approved for release by May 16, 2020. If he files a new motion, he may simply incorporate by reference all of his arguments from the present motion and reply, and supplement it with any new evidence or arguments.

I THEREFORE DENY Mr. Cardenas's motion (ECF No. 133) without prejudice. If he exhausts his administrative remedies and has not received the relief he requests, he may file a new motion.

Dated: April 29, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] District Judge Bryant in the District of Connecticut aptly summarized the dilemma for those seeking consistency: "The Second Circuit has not directly addressed the question, and district courts in the Second Circuit have come, by a multiplicity of methods, to both conclusions." *United States v. Sanchez*, No. 18-CR-00140-VLB-11, 2020 WL 1933815, at *3 (D. Conn. Apr. 22, 2020).