UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:11-cr-0414-APG-CWH |
|---|---|
| Plaintiff, | **ORDER GRANTING RENEWED MOTION TO REDUCE OR MODIFY SENTENCE** |
| v. | |
| Jose Cardenas, | [ECF No. 145] |
| Defendant. | |

I previously denied defendant Jose Cardenas' motion for compassionate release because he had not exhausted his administrative remedies under 18 U.SC. § 3582(c)(1)(A). ECF No. 144. That is no longer an obstacle as the warden has not responded to Mr. Cardenas' administrative request for compassionate release and 30 days have passed since he submitted his request. Thus, Mr. Cardenas renews his request for compassionate release. ECF No. 145. The Government opposes because it does not believe Mr. Cardenas' situation presents extraordinary and compelling reasons for compassionate release. ECF No. 149.

After considering the applicable factors in 18 U.S.C. § 3553(a), I can grant compassionate release if I find that "extraordinary and compelling reasons warrant" a reduction in Mr. Cardenas' sentence "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Cardenas pleaded guilty to Conspiracy to Possess a Controlled Substance with Intent to Deliver and was sentenced to 120 months in custody. He has served approximately 8.5 years of that sentence and has 44 days remaining. While in custody, he has obtained his GED and completed several drug abuse and skills-based courses. He appears to no longer be a threat to the community. Reducing his sentence by 44 days will not alter the deterrent effect or protection of

the public that comes with incarceration. And ignoring the potential impact of COVID-19 in this circumstance may reduce rather than promote respect for the law. Therefore, the § 3553(a) factors do not bar immediate release.

The world is now familiar with the dangers of COVID-19 and it serves no purpose to repeat them. COVID-19 has infected inmates at the federal facility where Mr. Cardenas is housed. Mr. Cardenas suffers from asthma, which the Centers for Disease Control lists as a higher risk factor for complications. His very short remaining time in custody strongly favors immediate release. Courts are to impose sentences that are "sufficient but not greater than necessary." 18 U.S.C. § 3553(a). If Cardenas contracts COVID-19 in the final few days of his sentence, the punishment could easily be greater than necessary given his elevated risk of complications. *See United States v. Connell*, No. 18-CR-00281-RS-1, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020) (finding that the immediate release of an at-risk inmate with 30 days remaining on his sentence "will in no way undermine the sentencing objectives espoused in 18 U.S.C. § 3553(b)").

In this case, there are extraordinary and compelling reasons to grant Mr. Cardenas compassionate release. I will reduce his custodial sentence to time served plus a 14-day quarantine period.

I THEREFORE GRANT IN PART Mr. Cardenas' motion (ECF No. 145). Mr. Cardenas' sentence is reduced to time served plus 14 days for quarantine before release. I order the Bureau of Prisons to immediately quarantine Mr. Cardenas for 14 days before releasing him.

I FURTHER ORDER that Mr. Cardenas shall serve a term of supervised release of five years as originally imposed. ECF No. 96. All of the conditions of supervision imposed in his Judgment remain in effect except that Special Condition No. 4 is modified such that Mr.

Cardenas shall contact by telephone (rather than report in person to) the federal probation office in Modesto, California within 72 hours of release to determine whether he should report in person or otherwise.

Dated: May 19, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE